RONALD KEMPER,              )
                           )
            Petitioner,    )
                           )
        v.                 )        No.  4:05CV350 FRB
                           )
TROY STEELE,[1]            )
                           )
            Respondent.    )


### MEMORANDUM AND ORDER

This cause is before the Court on Missouri state prisoner Ronald Kemper's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On August 13, 2001, petitioner plead guilty in the Circuit Court of St. Louis County, Missouri, to one count of Forgery and one count of Robbery First Degree.  See Kemper v. State, 129 S.W.3d 439 (Mo. Ct. App. 2004).  On December 17, 2001, petitioner was sentenced as a prior and persistent offender to two concurrent terms of twenty years' imprisonment.  (See Resp. Exh. A at 37.)  Petitioner did not seek direct appeal of his conviction or sentence.  (Id. at 4.)  On March 12, 2002, petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme

---

[1]Petitioner is currently incarcerated at Southeast Correctional Center (SECC) in Charleston, Missouri.  Inasmuch as Troy Steele is Superintendent of SECC, he is substituted for Chuck Dwyer as proper party respondent.  Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

Court Rule 24.035 which was denied on September 3, 2002. (Id. at 34-43.) The Missouri Court of Appeals affirmed the denial of petitioner's post-conviction motion on March 16, 2004, Kemper v. State, 129 S.W.3d 439 (Mo. Ct. App. 2004), and mandate issued April 16, 2004 (Resp. Exh. B). Petitioner pursued no other state court action. The instant petition for writ of habeas corpus, signed by petitioner and notarized on February 3, 2005, was filed with the Court on February 28, 2005, upon its receipt. A letter signed by the petitioner and notarized on February 23, 2005, was submitted to the Court with the petition.[2]

In the instant petition, petitioner raises various claims for relief. In response, respondent contends that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1) inasmuch as direct review of petitioner's conviction and sentence concluded more than one year prior to the filing of the instant petition. For the following reasons, respondent's argument is well taken.

Pursuant to 28 U.S.C. § 2244(d)(1)(A), a person in custody pursuant to the judgment of a state court has one year from the date upon which such judgment became final within which to submit an application for writ of habeas corpus in federal court under 28 U.S.C. § 2254. For purposes of the statute, the state

---

[2]Applying the prison mailbox rule, Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999), and giving petitioner the benefit of the doubt, Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002), the undersigned determines the instant petition to have been filed on February 23, 2005, the date petitioner signed the letter which accompanied the petition.

judgment is final upon "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The time during which a properly filed application for post-conviction or other collateral review is pending in state court is excluded from this one-year limitations period. 28 U.S.C. § 2244(d)(2).

In Missouri, a judgment in a criminal case becomes final for appeal purposes when sentence is entered or imposed. <u>Taylor v. State</u>, 25 S.W.3d 632, 633 (Mo. Ct. App. 2000); <u>State v. Nelson</u>, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999). Under Missouri Supreme Court Criminal Procedure Rule 30.01(d), a criminal defendant is to file his notice of appeal "not later than ten days after the judgment or order appealed from becomes final." As such, petitioner had ten days from December 17, 2001, the date his sentence was imposed, within which to seek direct review of his conviction. Because petitioner did not seek such direct review, his judgment of conviction became final for purposes of the federal habeas statute on December 27, 2001, the date upon which the time for seeking such review expired. 28 U.S.C. § 2244(d)(1)(A). Accordingly, under § 2244(d)(1)(A), petitioner had not later than December 27, 2002, by which to file an application for writ of habeas corpus in federal court under 28 U.S.C. § 2254. Petitioner did not submit the instant petition for writ of habeas corpus until February 23, 2005, over three years after petitioner's judgment of conviction became final and thus well after the one-year period of limitations

expired.

Under 28 U.S.C. § 2244(d)(2), the one-year limitation period for filing a federal habeas petition is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002). The pendency of post-conviction review includes the time between the trial court's denial of post-conviction relief and the filing of an appeal from the denial, Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002); and the time during the appeal process up through and including the date upon which the court of appeals issues its mandate. Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006). The ninety days within which to file a petition for writ of certiorari to the United States Supreme Court after the denial of post-conviction relief is not tolled. Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079 (2007); Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001).

In this cause, petitioner filed his motion for post-conviction relief on March 12, 2002, the denial of which was affirmed by the Missouri Court of Appeals on March 16, 2004. Mandate issued on April 16, 2004. As such, the limitations period was tolled from March 12, 2002, when petitioner filed his motion for post-conviction relief, through April 16, 2004, the date upon which the Missouri Court of Appeals issued its mandate on petitioner's appeal thereof. Petitioner filed the instant petition

for writ of habeas corpus on February 23, 2005,[3] 313 days after the conclusion of appellate review of his post-conviction motion.

The time between the date that direct review of a conviction is completed and the date that an application for state collateral relief is filed counts against the one-year limitations period. Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001). As such, the time between December 27, 2001 (the date petitioner's conviction became final), and March 12, 2002 (the date petitioner filed his post-conviction motion), is not tolled and must be included in the period within which petitioner could file a federal habeas petition. Therefore, this seventy-five day period counts against the one-year limitations period. Totaling this period with the 313-day period which elapsed subsequent to the conclusion of post-conviction appellate review, the sum of 388 days had elapsed prior to the filing of the instant habeas corpus petition. Accordingly, the petition is untimely filed under the provisions of § 2241(d)(1)(A).

Finally, petitioner does not argue, nor has he shown, that "extraordinary circumstances" made it impossible for him to timely file the instant petition. As such, equitable tolling is not justified in this cause. See Beery, 312 F.3d at 951; Gray v. Gammon, 283 F.3d 917, 918 (8th Cir. 2000) (per curiam); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000).

Therefore, for all of the foregoing reasons,

---

[3]See supra n.2.

**IT IS HEREBY ORDERED** that petitioner Ronald Kemper's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is dismissed without further proceedings for the reason that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this cause inasmuch as petitioner has failed to make a substantial showing that he has been denied a constitutional right.

_Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this  _10th_  day of July, 2007.