UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RONALD KEMPER, )
 )
 Petitioner, )
 )
 v. ) No. 4:05CV350 FRB
 )
MICHAEL BOWERSOX, )
 )
 Respondent. )

**MEMORANDUM AND ORDER**

Presently pending before the Court is petitioner Ronald Kemper's Motion to Rescind Order (Doc. #18). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

In February 2005, Missouri state prisoner Ronald Kemper brought the instant pro se habeas corpus action pursuant to 28 U.S.C. § 2254. Respondent responded to the petition in June 2005, arguing that the petition was untimely under 28 U.S.C. § 2244(d)(1)(A) inasmuch as it was not filed within one year from the date upon which petitioner's judgment of conviction became final, even upon considering the period tolled during the pendency of petitioner's state post-conviction proceedings. Petitioner did not file a traverse or otherwise respond to the respondent's argument. In a Memorandum and Order entered July 10, 2007, the Court denied petitioner's petition for writ of habeas corpus, finding the petition to be untimely filed under 28 U.S.C. § 2244(d)(1)(A).

Petitioner did not appeal from this final order.

Petitioner filed the instant Motion to Rescind Order on September 21, 2011, requesting that the Memorandum and Order entered July 10, 2007, be rescinded pursuant to Fed. R. Civ. P. 60(b)(4). Petitioner argues that the Court erred in its analysis of Missouri law governing the time within which a criminal defendant may challenge a guilty plea. Respondent has not responded to the motion. For the following reasons, petitioner's motion fails.

Under Fed. R. Civ. P. 60(b)(4), the Court may relieve a party from a final judgment or order if the judgment is void. A judgment is void if the Court lacked jurisdiction or acted in a manner inconsistent with due process such that the party was deprived of notice or the opportunity to be heard. United Student Aid Funds, Inc. v. Espinosa, ___ U.S. ___, 130 S. Ct. 1367, 1377 (2010); Baldwin v. Credit Based Asset Servicing & Securitization, 516 F.3d 734, 737 (8th Cir. 2008). "A judgment is not void . . . simply because it is or may have been erroneous." United Student Aid Funds, 130 S. Ct. at 1377 (internal quotation marks and citation omitted). Nor is a motion under Rule 60(b)(4) a substitute for a timely appeal. Id.; Kocher v. Dow Chem. Co., 132 F.3d 1225, 1229 (8th Cir. 1997).

Here, petitioner makes no argument that this Court lacked jurisdiction over his habeas corpus action or acted in a manner

inconsistent with his right to due process. Instead, petitioner's sole argument is that the Court misapplied the law when determining his habeas petition to be untimely filed. Such an argument does not challenge the jurisdiction of the Court. <u>See</u>, <u>e.g.</u>, <u>United States v. Three Hundred Fifty-Three Thousand Six Hundred Thirty Dollars, in United States Currency</u>, 463 F.3d 812, 813-14 (8th Cir. 2006) (argument challenging legality of the substantive action is not a challenge to jurisdiction). Nor does a review of the record show any action taken in this cause to have been inconsistent with petitioner's right to due process.

Petitioner's argument that the Court's final determination is legally erroneous does not state a ground upon which the Court may find the determination void. <u>See</u> <u>United Student Aid Funds</u>, 130 S. Ct. at 1377; <u>Chambers v. Armontrout</u>, 16 F.3d 257, 260 (8th Cir. 1994). As such, petitioner's request that the final Memorandum and Order entered July 10, 2007, be rescinded under Rule 60(b)(4) should be denied.

To the extent petitioner's motion may be liberally construed to argue for relief under Rule 60(b)(6) for "any other reason that justifies relief," such request should likewise be denied. A motion under Rule 60(b)(6) must be brought within "a reasonable time[.]" Fed. R. Civ. P. 60(c)(1). Absent mitigating circumstances, a four-year delay in bringing such a motion is not reasonable. <u>See</u> <u>Middleton v. McDonald</u>, 388 F.3d. 614, 617 (8th

Cir. 2004). See also Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (holding that a delay of twenty-six months was a "period of time which constitutes a patently unreasonable delay absent mitigating circumstances") (cited approvingly in Middleton, 388 F.3d at 617). A review of the record shows there to be no mitigating circumstances to render petitioner's four-year delay in bringing the instant motion reasonable. Nothing before the Court indicates that petitioner was prevented from presenting the motion in a more timely manner.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that petitioner Ronald Kemper's Motion to Rescind Order (Doc. #18) is denied.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this _9th_ day of January, 2012.